IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,426-01






EX PARTE SERGIO MIRANDA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 61172 IN THE 65TH DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of unlawful delivery
of a controlled substance and sentenced to ten years' imprisonment. 

 Applicant contends that he is being denied credit for time spent incarcerated pursuant to 
parole pre-revocation warrants from November 12, 2002 to February 14, 2003 and from August 28,
2003 to November 14, 2003. Applicant has alleged facts that, if true, might entitle him to relief. Ex
parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1998). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Correctional Institutions Division and
Parole Division, to file affidavits listing Applicant's sentence begin date, the date he was released
to parole or mandatory supervision, the dates of issuance of any parole-revocation warrants leading
to the revocation of such parole or mandatory supervision, and the dates he was arrested and detained
for any parole-revocation warrants. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial
court shall make findings as to whether Applicant is eligible for any additional jail time credit for
time spent in custody under a parole-revocation warrant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 12, 2008

Do not publish